```
                                    FILED
                              U.S. DISTRICT COURT
                              DISTRICT OF WYOMING

                                  JUN 28 2010

                              Stephan Harris, Clerk
                                   Cheyenne
```

Graham M. Smith, Esq.
WY bar roll no. 6-3718

Robert C. Evans, Esq.
CO bar roll no. 30403

EVANS & CO.
823 East 4th Ave.
Durango, CO 81301
(970) 375-9300
Fax: (970) 375-9301

Attorneys for Plaintiff
Employers Mutual Casualty Company

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL CASUALTY COMPANY,** an Iowa corporation | * * * * | CIVIL ACTION NO. **10CV0129-D** |
| **VERSUS** | * * | JUDGE _____ |
| **REIMAN CORP.,** a Wyoming corporation; and **TRAVELERS INDEMNITY CORPORATION,** a Connecticut corporation | * * * * * * | MAGISTRATE _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND REIMBURSEMENT

Plaintiff, Employers Mutual Casualty Company ("EMC"), by and through its

attorneys of record, brings this action pursuant to the Declaratory Judgment Act, 28

U.S.C. §2201, for construction of a commercial general liability policy and a declaration that EMC owes no duty to defend or indemnify defendant, Reiman Corp. ("Reiman") with respect to liability for bodily injury caused in whole or part by Reiman, in regard to claims presently made against Reiman and pending in the Underlying Action, as described below. EMC also seeks a declaration that defendant, Travelers Indemnity Corporation ("Travelers") owes a duty to defend and indemnify its insured, Reiman, in regard to claims presently made against Reiman in the Underlying Action. EMC alone has provided a defense to Reiman in the Underlying Action to date, and, therefore, EMC also seeks affirmative relief in the form of money damages against Travelers for reimbursement of expenses incurred and paid in defending the Underlying Action. In support of the claims herein, EMC alleges and avers as follows:

## VENUE AND JURISDICTION

1. An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201, and this Court is, therefore, vested with the power in the instant action to declare and adjudicate the rights and other legal relationships of the parties in this action with reference to the issues raised by this Complaint.

2. This Court has original jurisdiction under 28 U.S.C.§ 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, Seventy-Five Thousand Dollars ($75,000.00 US). This

Court also has supplemental jurisdiction over all other claims herein, including claims for money damages, because said claims are so related to claims for declaratory judgment in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this judicial district is proper under 28 U.S.C. §1391, subdivision (a)(2), because a substantial part of the events giving rise to the claims asserted herein occurred within the District of Wyoming.

## THE PARTIES

4. At all times mentioned herein, EMC was and is an Iowa corporation with its principal place of business in Des Moines, Iowa, and is doing business in Wyoming.

5. At all times mentioned herein, Reiman was and is a Wyoming corporation with its principal place of business in Cheyenne, Wyoming.

6. At all times mentioned herein, Travelers was and is a Connecticut corporation with its principal place of business in Hartford, Connecticut, and is doing business in Wyoming.

## THE EMC POLICIES

7. EMC issued commercial general liability insurance policy number 1D75821, effective May 22, 2007 to May 22, 2008 to its insured, Three Sons, LLC ("Three Sons"). EMC also issued commercial umbrella insurance policy number 1J75821, effective May 22, 2007 to May 22, 2008 to its insured, Three Sons. The policies are jointly referred to

herein as "the EMC Policies." Attached hereto as Exhibits Nos. 1 and 2, respectively, and incorporated herein by this reference, are the true and correct copies of the aforementioned policies.

8. Subject to the various terms, conditions, exclusions, and other limiting provisions, the EMC Policies afford liability insurance via a standard form Commercial General Liability Coverage Form. The Commercial General Liability Policy contains Commercial General Liability Coverage Form CG 0001 (12/04). The Umbrella Policy provides coverage pursuant to CU7002(10-93)FST and states that it is excess to the primary policy. As to other insureds, the EMC umbrella policy applies to other insureds included in the primary policy to the extent the umbrella is excess of the primary policy. (See Exhibit 2, page 8, Part IV-Who Is An Insured, 3. Other Insured-When Primary Applies). Thus the terms, conditions, limitations and exclusions of the umbrella policy follow those of the primary policy subject to any additional terms contained in the excess policy.

9. The EMC policies apply to "bodily injury" only if "The ... 'bodily injury' is caused by an 'occurrence' that takes place in the 'coverage territory.'" The definition section of the policy states that "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "'Occurrence'

means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (See Exhibit 1, CG 0001(12/04), p.1,14).

10. The EMC policies include CG7482(6-05), Blanket Additional Insured-Construction Contracts-Vicarious Liability. This endorsement amends coverage to include as an additional insured "a person or organization for whom [Three Sons] are performing operations when [Three Sons] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on [Three Sons] policy." An additional insured is insured "only with respect to liability for 'bodily injury,' 'property damages' or 'personal and advertising injury' caused, in whole," by Three Sons acts or omissions; or the acts or omissions of those acting on behalf of Three Sons, "in the performance of [Three Sons] ongoing operations for the additional insured." (See Exhibit 2, CG7482(6-05)).

11. CG7482(6-05), Blanket Additional Insured-Construction Contracts-Vicarious Liability contained in the EMC policies excludes coverage for "'bodily injury' from any act or omission by, or willful misconduct of the additional insured, whether the sole or a contributing cause of the loss." "The coverage afforded to the additional insured is limited solely to the additional insured's 'vicarious liability' that is a specific and direct result of [Three Sons, LLC] conduct." (See Exhibit 2, CG7482(6-05)).

12. The EMC policies provide coverage to "insured contracts" the definition of which specifically excludes that part of any contract:

> (2) That indemnifies an architect, engineer, or surveyor for injury or damage arising out of:
>
>> (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
>>
>> (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage, or
>
> (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

(See Exhibit 1, CG 0001(12/04), p.13).

## THE TRAVELERS POLICY

13. Travelers issued commercial general liability insurance policy number DT-CO-938X3096-COF-06 to Reiman effective November 1, 2006 to November 1, 2007. Attached hereto as Exhibit No. 3 and incorporated herein by this reference is a copy of the aforementioned Travelers policy.

14. Subject to the various terms, conditions, exclusions, and other limiting provisions, the Travelers policy affords liability insurance to Reiman via a standard form Commercial General Liability Coverage Form. The Commercial General Liability Policy contains Commercial General Liability Coverage Form CG 0001 (10/01).

## THE SUBCONTRACT

15. On December 8, 2005 EMC's insured, Three Sons, and Travelers insured, Reiman, entered into a subcontract pursuant to which Three Sons as Subcontractor agreed to perform certain services in connection with the construction of a federal project (the "project") for the Wyoming Department of Transportation. Attached hereto as Exhibit 4 is a copy of the referenced Subcontract Agreement.

16. Pursuant to the Subcontract Agreement Three Sons was to procure insurance naming Reiman as an additional insured. The insurance was to include comprehensive general liability coverage insuring Reiman for "liability from personal injuries, death and property damages arising from any work done in furtherance of the Subcontract." (See Exhibit 4, Section 5, Subsection B).

17. The subcontract between Three Sons and Reiman contains the following indemnification agreement:

> Subcontractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatsoever, including death resulting there from, to all persons ... arising out of or in furtherance of any work provided for in this Subcontract.  Subcontractor agrees to indemnify and hold harmless Owner, Engineer and Contractor ... from and against any and all loss, expense, or liability including attorneys' fees, as a result of any claim for damages or injuries described above, even though such claim may be based on the contributory negligence or vicarious liability of Owner, Engineer, Contractor ....
> Subcontractor shall not, however, be required to indemnify Owner, Engineer, or Contractor for damage or injury arising out of the sole negligence of Owner, Engineer, Contractor and/or their agents, servants or employees.

(See Exhibit 4, Section 6.)

## **THE UNDERLYING ACTION**

18. On September 22, 2009 Terri Green, as personal representative of the Estate of Ashley Dawn Woodcock, initiated civil proceedings (Civil Action No. CV-09-241 in the District Court of Carbon County, Wyoming, Second Judicial District) against Reiman, Three Sons and others for claims arising out of the death of Ms. Ashley Dawn Woodcock while an employee of Three Sons working on the project. Attached hereto as Exhibit 5 is a true and correct copy of the First Amended Complaint in Civil Action No. CV-09-241. EMC respectfully requests that this Court take judicial notice of said Complaint, the allegations of which are not admitted.

19. The First Amended Complaint filed in Civil Action No. CV-09-241 makes allegations that Reiman "either independently or pursuant to the standard of vicarious liability, owed a duty to the decedent to exercise reasonable care and safety, maintain its job site in a reasonably safe condition and provide a work environment safe from hazards," that Reiman, through "its employees and agents breached and violated their duties of care," and that the "breaches and violations were the direct and proximate cause of the damages." The First Amended Complaint further alleges that acts and omissions of Reiman and its employees and agents were "negligent, grossly negligent, reckless, intentional, willful, or wanton." (See Exhibit 5, paragraphs 89-92).

## FIRST CLAIM FOR RELIEF

20. EMC repeats, realleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 19 above.

21. An actual controversy has arisen and presently exists between EMC and defendants, concerning Reiman's respective rights and obligations under the EMC Policies in that EMC contends that it owes no duty to defend or indemnify Reiman, as an additional insured for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action arising out of the actions or failure to act of Reiman or any of its employees or representatives because said claims, damages, and other judicial relief fall outside the scope of the insurance coverage afforded by the EMC Policies; whereas, on information and belief, EMC alleges that defendants, and each of them, disagree with and contest said contentions.

WHEREFORE, EMC prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

22. EMC repeats, realleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 21 above.

23. An actual controversy has arisen and presently exists between EMC and defendants, concerning Reiman's respective rights and obligations under the EMC Policies in that EMC contends that it owes no duty to defend or indemnify Reiman, pursuant to insured

contract provisions of the EMC policies for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action arising out of the actions or failure to act of Reiman or any of its employees or representatives because said claims, damages, and other judicial relief fall outside the scope of the insurance coverage afforded by the EMC Policies; whereas, on information and belief, EMC alleges that defendants, and each of them, disagree with and contest said contentions.

### THIRD CLAIM FOR RELIEF

24. EMC repeats, realleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 23 above.

25. An actual controversy has arisen and presently exists between EMC and defendants, and each of them, concerning their respective rights and obligations under the Travelers policy in that EMC contends that Travelers owes a duty to defend and indemnify Reiman, for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action because said claims, damages, and other judicial relief are within the scope of the insurance coverage afforded by the Traveler's policy; whereas, on information and belief, EMC alleges that defendants, and each of them, disagree with and contest said contentions.

WHEREFORE, EMC prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

26. EMC repeats, realleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 25 above.

27. On information and belief, EMC alleges that Travelers has failed to fulfill its obligation to provide a defense to Reiman while EMC alone has to date provided Reiman a defense in the Underlying Action. EMC is entitled to and requests reimbursement from Travelers for its share of fees and expenses made by EMC in the defense of claims in the Underlying Action to date.

Wherefore, EMC prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

28. EMC repeats, realleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 27 above.

29. An actual controversy has arisen and presently exists between EMC and defendants, concerning Reiman's respective rights and obligations under the EMC Policies in that EMC contends that if EMC has no duty to defend Reiman under the EMC Policies, then EMC is entitled to recoupment for costs, expenses and fees including attorney's fees from Reiman for the defense provided Reiman by EMC in the Underlying Action; whereas, on information and belief, EMC alleges that defendants, and each of them, disagree with and contest said contentions.

## **PRAYER FOR RELIEF**

Wherefore, EMC prays that judgment be entered against defendants, and each of them, as set forth below:

**On the First Claim for Relief**:

1. A judicial determination of the respective rights and obligations of EMC and defendants, and each of them, under the EMC Policies, including a declaration that EMC's interpretation of said policy is correct in that it owes no duty to defend or indemnify Reiman for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action arising out of the actions or failure to act of Reiman or any of its employees or representatives;

**On the Second Claim for Relief**:

2. A judicial determination of the respective rights and obligations of EMC and defendants, and each of them, under the EMC Policies, including a declaration that EMC owes no duty to defend or indemnify Reiman pursuant to insured contract provisions for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action arising out of the actions or failure to act of Reiman or any of its employees or representatives;

**On the Third Claim for Relief**:

3. A judicial determination of the respective rights and obligations of Travelers under

the Travelers policy issued to Reiman, including a declaration that Travelers owes a duty to defend or indemnify Reiman for any and all claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action arising out of the actions or failure to act of Reiman or any of its employees or representatives;

**On the Fourth Claim for Relief:**

4. An award of money damages against Travelers in the form of reimbursement for fees and expenses made by EMC in the defense of claims in the Underlying Action;

**On the Fifth Claim for Relief:**

5. A judicial determination of the respective rights and obligations of EMC and defendants, and each of them, under the EMC Policies, including a declaration that EMC is entitled to recoupment of costs, expenses and fees including attorney's fees incurred by EMC on behalf of and in the defense of Reiman in the Underlying Action to the extent there is no duty by EMC to defend Reiman in the Underlying Action.

**On All Claims for Relief:**

6. For costs of suit incurred herein;

7. For interest at the legal rate on the amounts expended by EMC to date in defending the Underlying Action;

8. For all necessary and reasonable attorney's fees; and

9. For such other and further relief as this Court deems just and proper.

Dated this 25th day of June, 2010.

                Respectfully submitted,

                _____
                Graham M. Smith, Esq.
                WY bar roll no. 6-3718
                Robert C. Evans, Esq.
                CO bar roll no. 30403
                EVANS & CO.
                823 East 4th Ave.
                Durango, CO 81301
                (970) 375-9300
                Fax: (970) 375-9301
                Attorneys for Plaintiff
                Employers Mutual Casualty Company