Judith Studer, Wyoming Bar No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Phone: (307) 235-6681/Fax: (307) 234-5099
jstuder@schwartzbon.com
Attorneys For Reiman Corp. and Travelers Indemnity Corp.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case 10-CV-00129-ABJ ) |
| REIMAN CORP., a Wyoming corporation; and TRAVELERS INDEMNITY CORPORATION, a Connecticut corporation, | ) ) ) ) ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS REIMAN CORP. AND TRAVELERS INDEMNITY CORPORATION AND COUNTERCLAIM OF REIMAN CORP. AGAINST PLAINTIFF EMPLOYERS MUTUAL CASUALTY COMPANY**

**COMES NOW** the defendants, Reiman Corp. and Travelers Indemnity Corporation, by and through their undersigned counsel, and respond to the allegations of Complaint For Declaratory Judgment and Reimbursement as follows:

1.      In responding to the allegations contained in Paragraph 1, a controversy exists due to the failure of the plaintiff, Employers Mutual Casualty Company (hereafter "EMC"), to adhere to the letter and spirit of its contractual obligations.  The Complaint speaks for itself.  Defendants admit that a federal district court has jurisdiction over declaratory judgment actions involving citizens of different states pursuant to 28 U.S.C. § 2201.

2.      In responding to the allegations contained in Paragraph 2, defendants state that this is a civil action between citizens of different states, but deny that any amounts are owed to the plaintiff under the allegations of the Complaint.

3.      In responding to the allegations contained in Paragraph 3, defendants assert that if the Complaint states a claim for relief, then venue is proper in this district as the dispute involves interpretation of a contract entered into in Wyoming.

4.      Defendants admit the allegations contained in Paragraphs 4, 5 and 6.

5.      Defendants admit the allegations contained in Paragraph 7 based upon information and belief, based upon representations that have been made to them.

6.      In responding to the allegations contained in Paragraph 8, the terms, conditions and exclusions are set forth in the EMC policies

that are attached to the Complaint and speak for themselves to the extent they are clear and unambiguous.

7. In responding to the allegations contained in Paragraph 9, defendants state that Exhibit 1 provides that EMC agreed to pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury to which the insurance applies. Further, EMC agreed to defend an insured against any suit seeking those damages. The policy further provides that the insurance applies to "bodily injury" caused by an "occurrence" that takes place in the "coverage territory." The Definitions section defines various terms in the EMC policies.

8. In responding to the allegations contained in Paragraph 10, the "Blanket Additional Insured – Construction Contracts – Vicarious Liability" Endorsement amends the EMC policies to include as an additional insured Reiman Corp. for whom Three Sons performed operations as Three Sons agreed in the subcontract that Reiman Corp. would be added as an additional insured under the EMC policies. Reiman Corp. is an insured under the EMC policies with respect to EMC's agreement to pay those sums Reiman Corp. becomes legally obligated to pay as damages for bodily injury caused in whole by the acts or omissions of those acting on behalf of Three Sons in the performance of Three Sons' operations for Reiman Corp.

9. In responding to the allegations contained in Paragraph 11, defendants deny the misreading by EMC of its own policy that coverage is limited solely to the additional insured's vicarious liability that is a specific and direct result of Three Sons, LLC's conduct.

10. In responding to the allegations contained in Paragraph 12, defendants note EMC sets forth an exclusion to an "insured contract" that has no relevance to the issues at hand. Reiman Corp. is neither an architect, engineer or surveyor with respect to the allegations of the underlying Complaint and First Amended Complaint filed by Terri Green or the contract between Three Sons and Reiman Corp. Defendants admit the referenced section is set forth *in toto* in Paragraph 12.

11. Defendants deny the allegations contained in Paragraphs 13 and 14.

12. In responding to the allegations contained in Paragraph 15, on December 8, 2005, EMC's named insured, Three Sons, and its additional insured (pursuant to the Subcontract Agreement), Reiman Corp. entered into a Subcontract Agreement that was attached as Exhibit 4 to the Complaint.

13. In responding to the allegations contained in Paragraph 16, defendants state that pursuant to the Subcontract Agreement Three Sons was to procure insurance naming Reiman Corp. as an

additional insured.  The insurance was to be on a primary and noncontributory basis.  Three Sons was to keep in force and effect the comprehensive general liability insurance insuring Reiman Corp. for liability from personal injuries, death and property damage arising from any work done in furtherance of the subcontract until completion and acceptance of Three Sons' work.

14. Paragraph 17 of the Complaint sets forth the excerpts of the indemnification agreement found in the Subcontract Agreement.

15. In responding to the allegations contained in Paragraph 18, defendants admit that the Amended Complaint is attached to this Complaint; however, note that the original Complaint is not.  The First Amended Complaint speaks for itself.

16. In responding to the allegations contained in Paragraph 19, defendants state that the First Amended Complaint speaks for itself.

17. In responding to the allegations contained in Paragraph 20, defendants incorporate their prior responses.

18. In responding to the allegations contained in Paragraph 21, defendants state that a controversy exists because EMC wants to disregard its contractual obligations as set forth in the EMC policies.  EMC had a duty and obligation to defend and indemnify Reiman Corp. as an additional insured.

19. In responding to the allegations contained in Paragraph 22, defendants incorporate their prior responses.

20. In responding to the allegations contained in Paragraph 23, defendants admit a controversy exists because of EMC's failure to accept its contractual obligations as set forth in the EMC policies. Under the allegations of the Complaint, as well as the First Amended Complaint, EMC owed a duty to defend Reiman Corp. In addition, based upon the facts as known by EMC, the coverage afforded by the "insured contract" provision of the EMC policies simply requires plaintiff's knowledge that its named insured is legally obligated to indemnify Reiman Corp. because of the claims for bodily injury asserted in the Complaint and First Amended Complaint.

21. In responding to the allegations contained in Paragraph 24, defendants incorporate their prior responses.

22. In responding to the allegations contained in Paragraph 25, defendants state that a controversy exists because of EMC's failure to accept its contractual obligations as set forth in the various agreements. Defendants deny the remaining allegations.

23. In responding to the allegations contained in Paragraph 26, defendants incorporate their prior responses.

24. Defendants deny the allegations contained in Paragraph 27.

25. In responding to the allegations contained in Paragraph 28, defendants incorporate their prior responses.

26. In responding to the allegations contained in Paragraph 29, defendants affirmatively state that plaintiff fails to state a claim for which relief may be granted under Wyoming law.

27. Except as specifically admitted herein, each and every allegation of plaintiff's Complaint is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief may be granted.

2. Plaintiff has named an improper party.

3. To the extent it claims that it had no duty or obligation to defend, then it acted as a volunteer and is not entitled to the relief requested.

4. Plaintiff is estopped by its conduct from any relief.

Defendants reserve the right to assert additional affirmative defenses as they may become known.

**WHEREFORE,** defendants request that plaintiff take nothing by way of its Complaint, that this Court determine that EMC had the duty and obligation to defend Reiman Corp. as an additional insured under its policy of insurance and subject to the terms of the subcontract, and

that defendants be awarded their costs of suit, together with attorneys fees and other relief as this Court deems proper.

## **COUNTERCLAIM OF REIMAN CORP.**

**COMES NOW** third party plaintiff, Reiman Corp., by and through its undersigned counsel, and hereby brings this action against Employers Mutual Casualty Company as set forth below:

1. Reiman Corp. ("Reiman") is a Wyoming corporation with its principal place of business in Cheyenne, Wyoming.

2. Employers Mutual Casualty Company ("EMC") is an Iowa corporation with its principal place of business in Des Moines, Iowa, and is doing business in Wyoming.

3. EMC issued Commercial General Liability Insurance Policy No. 1D75821 effective May 22, 2007 to May 22, 2008 to its named insured, Three Sons, LLC. Contained within the policy was a Blanket Additional Insured – Construction Contracts – Vicarious Liability Endorsement. A true and correct copy of the policy is attached as Exhibit 1 to the Complaint filed of record.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as well as 28 U.S.C. § 2201 if it is assumed that the Complaint states a claim for damages in excess of $75,000.

## **FACTUAL BACKGROUND**

5.  Reiman entered into a Subcontract Agreement with Three Sons, LLC, a copy of which is attached to the original Complaint as Exhibit 4. Pursuant to Section 5, Bond and Insurance, Subsection B. Insurance, Three Sons was to provide insurance to Reiman as an additional insured on the subcontractor's insurance policy. The additional insured coverage was to be primary and noncontributory. Based upon information and belief, EMC had available to it through its agents a copy of the insurance requirement.

6.  The EMC policy contained a Blanket Additional Insured – Construction Contracts – Vicarious Liability Endorsement. Under the terms of that endorsement, EMC agreed to pay all sums that Reiman, as an insured under the policy, was obligated to pay because of bodily injury to which the insurance applies. The term "insured" includes not only the named insured, Three Sons, LLC, but any additional insured. Reiman was insured with respect to liability for bodily injury caused in whole by the acts or omissions of those acting on behalf of Three Sons in the performance of Three Sons' ongoing operations for Reiman.

7.  Blanket Additional Insured – Construction Contracts – Vicarious Liability coverage form further states:

> Any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured whether that insurance is primary, excess, contingent, or on any

9

>   other basis, unless you and the additional insured have specifically agreed in a written contract or written agreement that this insurance be primary.
>
>   When coverage is provided on a primary basis, we will not seek contribution from any other insurance available to the additional insured if a written contract or written agreement requires that this insurance be noncontributory.

8. Despite the presence of this language in its policies, EMC claims contribution even though the subcontract specifically provides that the coverage obtained by Three Sons be primary and noncontributory.

9. EMC previously acknowledged its duty to defend Reiman when it undertook the defense of Reiman.  At no time did EMC provide a copy of an insurance policy stating that it had a right to recover or recoup any attorneys fees expended in the defense of an insured. EMC did not provide notice in its reservation of rights letter to Reiman that it would seek to recover any attorneys fees and costs expended on behalf of the defense of Reiman.  Reiman believed that EMC was undertaking its defense in the underlying action without charge to Reiman or a right to recoup any attorneys fees or costs expended.

10. Prior to a settlement conference, EMC issued a letter claiming a right to reimbursement and threatened suit against its insured, Reiman.

11. As part of negotiating a settlement and despite knowledge as to the underlying facts of the accident, EMC attempted to destroy Reiman's rights to defend itself in this lawsuit; and to bolster EMC's own position on coverage and duty to defend.  Without knowledge of Reiman or consent of Reiman, EMC agreed to settlement terms as fully set forth in Exhibit A hereto.  EMC put its interests ahead of that of Reiman by trying to parcel out portions of the settlement proceeds to Reiman that are not reflective of the lack of liability on the part of Reiman for the underlying accident; provides that Reiman releases Three Sons for its contractual indemnity obligation and preserves EMC's claims against Reiman in this case.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEAILING

12. Reiman incorporates its prior allegations as if fully set forth herein.

13. EMC breached its duty of good faith and fair dealing under the EMC policy by denying now its duty to defend and seeking recoupment of attorneys fees and costs contrary to any express language in the policy, Wyoming law, and prior notice of its inability to collect such costs and attorneys fees under relevant case law.

14. EMC acted in bad faith and in breach of its duty to act in good faith and fair dealings when it tried to set up Reiman in the

settlement negotiations to advance its position and to attempt to destroy Reiman's claims and defenses in this action.

15. EMC knew or should have known that a summary judgment was likely on behalf of Reiman given its lack of any involvement in the facts of the underlying accident.

16. EMC, without any communication with Reiman, chose to insert language whereby Reiman would release any and all claims it held against Three Sons.  Under the subcontract, Three Sons is obligated to pay any settlement, as well as attorneys fees.  Such action, together with the attempts to recoup defense expenses at this point in time without any contractual right to do so, evidences bad faith.

17. Upon information and belief, EMC made itself a party to the settlement agreement and attempted to have Reiman release it while preserving its alleged claims against Reiman.

18. EMC had a duty and obligation to put the interests of Reiman at least on an equal footing as its own.  Through its actions in attempting to settle the underlying state action, it has put its own interests well ahead of those of Reiman seeking to destroy the rights of Reiman Corp. and preserve its own claims at the expense of Reiman.  Moreover, the fact that EMC seeks to recover attorneys fees that is not provided for in the insurance policy or allowed under

Wyoming case law is a breach of its duty to act in good faith. Based on the foregoing, Reiman seeks to recover its time and costs expended in defending this declaratory judgment action and pursuing its counterclaim.

**WHEREFORE,** Reiman Corp. requests that it be awarded damages as proven at trial, together with attorneys fees and costs.

DATED this 30th day of August, 2010.

/s/ Judith Studer
Judith Studer, Attorney No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone (307) 235-6681
Fax (307) 234-5099

Attorneys For Reiman Corp. and Travelers Indemnity Corporation

**CERTIFICATE OF SERVICE**

This is to certify that on the 30th day of August, 2010, the undersigned electronically served a true and correct copy of the within and foregoing **ANSWER OF DEFENDANTS REIMAN CORP. AND TRAVELERS INDEMNITY CORPORATION AND COUNTERCLAIM OF REIMAN CORP. AGAINST PLAINTIFF EMPLOYERS MUTUAL CASUALTY COMPANY** upon the following registered filing user(s) pursuant to CM/ECF System:

Graham M. Smith
Robert C. Evans
Evans & co.
823 East 4th Avenue
Durango, CO  81301

/s/ Judith Studer
Judith Studer
SCHWARTZ, BON, WALKER & STUDER, LLC