Judith Studer, Wyoming Bar No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Phone: (307) 235-6681/Fax: (307) 234-5099
jstuder@schwartzbon.com
Attorneys For Reiman Corp. and Travelers Indemnity Corp.

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 3 0 2010

Stephan Harris, Clerk
Casper

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case 10-CV-00129-ABJ ) |
| REIMAN CORP., a Wyoming corporation; and TRAVELERS INDEMNITY CORPORATION, a Connecticut corporation, | ) ) ) ) ) |
| Defendant. | ) ) ) |
| REIMAN CORP., a Wyoming corporation, | ) ) ) ) |
| Third party plaintiff, | ) ) |
| vs. | ) ) |
| THREE SONS, LLC, a Wyoming limited liability company, | ) ) ) |
| Third party defendant. | ) |

## THIRD PARTY COMPLAINT OF
## REIMAN CORP.

**COMES NOW** Reiman Corp., by and through its undersigned counsel, and hereby alleges for its Third Party Complaint the following:

1.     Reiman Corp. ("Reiman") is a Wyoming corporation with its principal place of business in Cheyenne, Wyoming.

2.     Three Sons, LLC ("Three Sons") is a Wyoming limited liability company with its principal place of business in Hanna, Wyoming.

3.     Reiman and Three Sons entered into a Subcontract Agreement ("Subcontract") on December 8, 2005. A true and correct copy of that agreement is attached as Exhibit A.

4.     Pursuant to the Subcontract Agreement, Three Sons was to obtain commercial general liability insurance insuring Reiman for liability from personal injuries and death from any work done in furtherance of the Subcontract. The insurance was to be primary and noncontributory.

5.     Further pursuant to the Subcontract, Three Sons was to indemnify Reiman for any and all damages or injuries of any kind or nature whatsoever, including death, arising out of or in furtherance of work provided for in the Subcontract. Three Sons agreed to indemnify and hold harmless Reiman for all loss, expense or liability, including attorneys fees, as a result of any claims for damages or injuries described whether any such claim was based on contributory

2

negligence or vicarious liability. It was agreed that Three Sons did not have to indemnify Reiman if the damages or injuries arose out of the sole negligence of Reiman, their agents, servants or employees.

6.     In the course of work under the Subcontract Agreement, Ashley Dawn Woodcock, an employee of Three Sons, died in the course of her employment. Terri Green, as her personal representative, brought suit in the District Court of Carbon County, Wyoming, Second Judicial District, Civil Action No. CV-9241 ("state action").

7.     Reiman tendered the defense of that suit to Three Sons and its insurer, Employers Mutual Casualty Company ("EMC").

8.     EMC agreed to defend Reiman. Neither the EMC policy issued to Three Sons nor the initial letter admitting a duty to defend state that EMC had a right to recoup any fees and costs it paid in the defense of Reiman. However, EMC has now sued Reiman for attorneys fees and now claims there is no coverage or duty to defend Reiman in the state action. A copy of the Complaint For Declaratory Judgment and Reimbursement is incorporated by reference.

9.     As a direct result of the actions of EMC, Reiman has no choice but to assert claims against Three Sons to enforce the provisions of the Subcontract. Reiman has the right to be indemnified for any attorneys fees, loss or expenses that result from the state

3

action; any loss that results from the lack of coverage for Reiman under the EMC policies; and, a right to collect its attorneys fees in enforcing the provisions of the Subcontract.

10.   This court has ancillary jurisdiction over this third party action.   The claims arise out of and are commingled with those asserted in the Complaint For Declaratory Judgment and Reimbursement.   Venue is proper as the Subcontract Agreement is a Wyoming contract, as well as the events giving rise in the underlying state action occurred in Wyoming.

## **FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT**

11.   Third party plaintiff incorporates the prior allegations as if fully set forth herein.

12.   The Subcontract required that Three Sons obtain a comprehensive general liability insurance insuring Reiman for liability from personal injuries or death arising from work done in furtherance of this contract.   To the extent that the EMC policy does not provide this coverage, then Three Sons is in breach of the Subcontract.

13.   Section 5 Subsection B. of the Subcontract required Three Sons to obtain additional insured coverage on a primary and noncontributory basis.   Despite this requirement, EMC has demanded contribution.   EMC seeks to recoup attorneys fees and costs expended on behalf of the defense of Reiman in the state action.

4

14.    Reiman is entitled to be reimbursed any amounts it is required to pay EMC for attorneys fees and/or noncovered claims that should have been covered under a comprehensive general liability policy on a primary and noncontributory basis.

## SECOND CLAIM FOR RELIEF – INDEMNITY

15.    Third party plaintiff incorporates the prior allegations as if fully set forth herein.

16.    Pursuant to the Subcontract, Three Sons expressly agreed to assume the entire responsibility of liability for any and all damages or injury of any kind or nature whatsoever, including death, resulting to all persons whether employees of Three Sons or otherwise that resulted from or arose out of or in furtherance of any work provided for in the Subcontract.   Three Sons agreed to indemnify and hold harmless Reiman from and against any and all loss, expense or liability, including attorneys fees, as a result of any claim for damages or injuries described.   The only exception was if the damages or injuries arose from the sole negligence of Reiman or their agents, servants or employees.

17.    Reiman has now been sued by EMC in this federal action for amounts expended on behalf of Reiman in defending and in settling the state action.

18.     EMC has sued, despite the fact that the policy of insurance purchased by Three Sons contains an "insured contract" provision. Under the CGL coverage form of the EMC policy, EMC agreed to insure Three Sons for liability assumed in a contract or agreement.

19.     Three Sons is legally obligated to indemnify Reiman for its damages because of the death of Three Sons' employee during the course of Three Sons work under the Subcontract.

20.     Three Sons has coverage for any indemnity claim brought by Reiman pursuant to the Subcontract and EMC policy language.

21.     As EMC has claimed it is not liable for all defense costs or liability claims asserted in the underlying action against Reiman, Reiman has no choice but to sue Three Sons by way of a third party complaint.  EMC was notified that this action would be undertaken in the event that EMC proceeded against Reiman.

22.     Despite knowledge that Three Sons would be subjected to a suit that ultimately would be covered by the policy of insurance, EMC proceeded to sue Reiman for claims that were either covered by the additional insured contract or covered by the insured contract coverage available to Three Sons under the policy purchased.

23.     Therefore, to the extent EMC recovers any amount against Reiman, then Three Sons is required to indemnify Reiman pursuant to the terms of the Subcontract.

6

## **THIRD CLAIM FOR RELIEF – ATTORNEYS FEES**

24. Third party plaintiff incorporates the prior allegations as if fully set forth herein.

25. Pursuant to the Subcontract, Three Sons agreed that in the event of any litigation to enforce or construe any provisions of the Subcontract, the parties are entitled to recover reasonable attorneys fees incurred in connection therewith as the court deems fair and equitable.

26. Therefore, Reiman makes demand that its attorneys fees in having to pursue enforcement of the provision of the Subcontract necessitated by the actions of EMC, be awarded as damages in this suit. The award should constitute damages covered under the insured contract provision of the policy purchased by Three Sons.

**WHEREFORE,** Reiman Corp. demands that Three Sons, LLC pay any judgment rendered against it in the action in chief or amounts declared to be owed by Reiman Corp. to EMC. Reiman Corp. further demands payment of its attorneys fees in pursuing enforcement of the provisions of the Subcontract, together with such other and further relief as the court deems just and equitable.

7

DATED this __30__ day of August, 2010.

_Judith Studer_
Judith Studer, Attorney No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone (307) 235-6681
Fax (307) 234-5099

Attorneys  For  Reiman  Corp.  and  Travelers
Indemnity Corporation

## CERTIFICATE OF SERVICE

This is to certify that on the __30__ day of __August__, 2010, the undersigned  served  the  within  and  foregoing  **THIRD  PARTY COMPLAINT OF REIMAN CORP.** upon counsel by depositing a true and correct copy thereof in the United States mail, postage prepaid and properly addressed to:

Graham M. Smith
Robert C. Evans
Evans & co.
823 East 4th Avenue
Durango, CO  81301

_Judith Studer_
Judith Studer
SCHWARTZ, BON, WALKER & STUDER, LLC