Graham Smith, Esq., WY bar roll no.6-3718
Robert C. Evans, Esq., CO bar roll no. 051158
EVANS & CO.
629 Cherokee Street
New Orleans, LA 70118
(970) 375-9300
Attorneys for Plaintiff
Employers Mutual Casualty Company

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL** | * | |
| **CASUALTY COMPANY** | * | **Civil Action no. 10-CV-00129-ABJ** |
| an Iowa corporation | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **REIMAN CORP.,** | * | |
| a Wyoming corporation and | * | |
| **TRAVELERS INDEMNITY** | * | |
| **CORPORATION**, a Connecticut | * | |
| corporation | * | |
| | * | |
| | * | |
| **REIMAN CORP.,** | * | |
| a Wyoming corporation | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **THREE SONS, LLC** | * | |
| a Wyoming limited liability | * | |
| company | * | |

**EMPLOYERS MUTUAL CASUALTY COMPANY ANSWER TO
COUNTERCLAIM OF REIMAN CORP.**

NOW INTO COURT, through undersigned counsel, comes plaintiff and third party defendant, Employers Mutual casualty Company ("EMC") who answers the counterclaim of third party plaintiff, Reiman Corp.("Reiman"), as follows:

1. The allegations of paragraph 1 of Reiman's counterclaim are admitted.

2. The allegations of paragraph 2 of Reiman's counterclaim are admitted.

3. The allegations of paragraph 3 of Reiman's counterclaim are admitted.

4. The allegations of paragraph 4 of Reiman's counterclaim are admitted.

5. It is denied that EMC had a copy of the Subcontract Agreement between Reiman and Three Sons, LLC at the time EMC CGL policy No. 1D75821 was issued to Three Sons, LLC. It is admitted that the Subcontract Agreement was attached to EMC's Complaint as Exhibit 4. That Exhibit speaks for itself. EMC objects to any attempts by Reiman to paraphrase the document and therefore denies the remaining allegations of paragraph 5.

6. It is admitted that the EMC policy, attached to EMC's complaint as Exhibit 1, includes an additional insured endorsement. Exhibit 1 speaks for itself. EMC objects to any attempts by Reiman to paraphrase the document and therefore denies the remaining allegations of Paragraph 6.

7. EMC denies that the quoted language contained in Paragraph 7 fully reflects the coverage and limitations provided by the additional insured endorsement which is incorporated into the EMC policy, Exhibit 1 to EMC's complaint.

8. EMC denies the allegations of Paragraph 8. The EMC policy provides no coverage for Reiman for its own negligence. EMC owed no duty to defend or indemnify Reiman for its negligence. As set forth in detail in EMC's complaint, Travelers Indemnity Corporation contracted to provide commercial general liability coverage, including defense and indemnity to Reiman and has failed to meet those obligations in the Underlying Action.

9. The allegations of paragraph 9 are denied. EMC provided defense to Reiman pursuant to a reservation of rights which explicitly reserved EMC's right to recover attorney's fees and defense costs incurred on behalf of Reiman should the facts at trial or in a declaration of rights hearing prove that the incident resulting in the liability of the Reiman was not covered by the policy. Further the EMC policy attached to EMC's complaint as Exhibit 1 contains endorsement IL 01 14 11 06 Wyoming Changes- Defense Costs which specifically provides EMC's right to reimbursement for defense costs in defined circumstances.

10. EMC denies the allegations contained in Paragraph 10 to the extent they suggest that EMC did not provide a defense to Reiman pursuant to a reservation of rights letter issued to Reiman by EMC and reserving EMC's right to recoup attorney fees and costs from Reiman should the facts at trial or in a declaration of rights hearing prove that the incident resulting in the liability of the insured was not covered by the policy.

11. It is admitted that the parties to the Underlying Action have reached a tentative settlement agreement the terms of which speak for itself. The remainder of the allegations of Paragraph 11 are denied.

12. EMC incorporates all prior allegations contained in its complaint as well as all prior answers to Reiman's counter claim as if fully set forth herein.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

WHEREFORE, EMC prays that judgment be entered against Reiman on its counterclaim and in favor of EMC and further that this honorable Court grant relief as requested in EMC's complaint against Reiman and Travelers all as set forth in detail in EMC's Complaint for Declaratory Relief and Judgment.

Dated this 21st day of September, 2010.

Respectfully submitted,

/s/ Robert C. Evans
Graham Smith, Esq.
WY bar roll no. 6-3718
Robert C. Evans, Esq.
CO bar roll no. 051158
EVANS & CO.
629 Cherokee Street
New Orleans, LA  70118
(970) 375-9300
Fax: (970) 375-9301
Attorneys for Plaintiff
Employers Mutual Casualty Company

## Certificate of Service

The undersigned does hereby certify that on the 21st day of September, 2010, a true and correct copy of the foregoing Answer to Counterclaim of Reiman Corp was served via CM/ECF.

Served upon:

Judith Studer, Esq.

Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601-2588
(307) 235-6681 Fax: (307) 234-5099


                                        /s/ Robert C. Evans
                                        Graham Smith, Esq.